UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV-23887

LUIS CARMENATES,

    Plaintiff,

vs.

ALLAN INDUSTRIES, INC.,

    Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, Luis Carmenates, sues Defendant, Allan Industries, Inc. based on the following good cause:

### *PARTIES, JURISDICTION, AND VENUE*

1. **Plaintiff, Luis Carmenates**, was and is a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was an hourly non-exempt employee of the Defendant, as the term "employee" is defined by 29 U.S.C § 203 (e) who consents to participate in this lawsuit.

2. **Defendant, Allan Industries, Inc.,** is a *sui juris* New Jersey ForProfit Corporation that regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant was Plaintiff's FLSA employer for Plaintiff's respective period of employment ("the relevant time period"). The Defendant ran the day-to-day operations for the relevant time period, was responsible for paying Plaintiff's wages for the relevant time period, controlled Plaintiff's work and schedule, and was therefore Plaintiff's "employer" as defined by 29 U.S.C 203 (d).

1

3. Defendant employed Plaintiff.

4. This Court has jurisdiction over Plaintiff's FLSA claims.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant transacts business in this District, because the corporate Defendant maintains an office in this District, and because most if not all of the operational decisions affecting Plaintiff's employment were made in this District, while Plaintiff worked in Miami-Dade County, where payment was to be received.

## *Background Facts*

6. Plaintiff worked for Defendant as a Janitor, from on or about August 16, 2019, through on or about September 10, 2019.

7. From approximately August 16, 2019, through on or about September 10, 2019, Defendant required that plaintiff work at the employer's customers' locations.

8. To the extent that records exist regarding the exact dates of Plaintiff's employment eist, and of the times he worked each work day, such records are in the exclusive custody of Defendant.

9. Plaintiff was a Janitor and his duties included dusting, sweeping, vacuuming, mopping, restroom cleaning, office cleaning, and trash removal, etc.

10. Defendant's business activities involve those to which the Fair Labor Standards Act applies.

11. Both the Defendant's business and the Plaintiff's work affects interstate commerce for the relevant time period.

12. Plaintiff's work for the Defendant affected interstate commerce for the relevant time period because the materials and goods included, were not limited to office cleaning supplies, were

produced outside of the country, that plaintiff used on a constant and/or continual basis and/or that were supplied to Plaintiff by the Defendant to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same.

13. Plaintiff's work for the Defendant was actually in and/or closely related to the movement of commerce while Plaintiff worked for the Defendant that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant.

14. Additionally, Defendant regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, such as medical equipment, computers, printers and fact and copy machines, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

15. Upon information and belief, the Defendant had gross sales or business done in excess of $500,000 annually for the years 2016, 2017, and 2018.

16. Upon information and belief, the Defendant's gross sales or business is expected to exceed $500,000 for the year 2019.

17. Defendant agreed to pay Plaintiff at an hourly rate of $9.00 per hour.

18. From approximately August 16, 2019, through September 10, 2019, Plaintiff's overtime rate was $13.50 per hour for hours worked over 40 hours each work week.

19. Plaintiff was not paid for twenty (20) hours of overtime worked between August 19, 2019, September 1, 2019; therefore, Plaintiff is owed $13.50 per hour for twenty (20) hours of overtime worked within this time period.

20. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

21. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I. FLSA OVERTIME VIOLATION

Plaintiff reincorporates and re-alleges paragraphs 1-21 set forth fully herein and further alleges as follows:

22. Plaintiff claims he is owed for twenty (20) hours of overtime worked within the relevant time period as required by the Fair Labor Standards Act.

23. Plaintiff alleges he notified Defendant on various occasions about the discrepancy, but Defendant refused to pay him.

24. Defendant willfully and intentionally refused to pay Plaintiff's overtime wages from approximately August 19, 2019, through September 1, 2019, as required by the Fair Labor Standards Act.

25. Defendant either recklessly failed to investigate whether their failure to pay Plaintiff time and a half for overtime hours worked from approximately August 19, 2019, through September 1, 2019, violated the Fair Labor Standards Act, they intentionally misled Plaintiff to believe that Defendant were not required to pay Plaintiff time and a half for overtime hours worked from approximately August 19, 2019, through September 1, 2019, and/or Defendant concocted a scheme pursuant to which they deprived Plaintiff time and a half pay earned from approximately August 19, 2019, through September 1, 2019.

26. Plaintiff is entitled to a back pay award of at least his proper time and a half rate for all overtime hours worked from approximately August 19, 2019, through September 1, 2019, plus an equal amount as a penalty, plus attorneys' fees and costs.

WHEREFORE, Plaintiff, Luis Carmenates, demands the entry of judgment in his favor and against the Defendant, Allan Industries, Inc., after trial by jury and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C § 216(b);

b. That Plaintiff recover prejudgment interest if he is not awarded liquidated damages;

c. That Plaintiff recover an award of reasonable attorney fees, costs, and expenses pursuant to the FLSA;

d. That Defendant be ordered to make Plaintiff whole by providing appropriate overtime wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

e. That Plaintiff recover all interest allowed by law; and

f. Such other and further relief as the Court deems just and proper.

## COUNT II. FLSA RETALIATION

Plaintiff reincorporates and re-alleges paragraphs 1-21 set forth fully herein and further alleges as follows:

27. The FLSA, at 29 U.S.C. §215(a)(3), provides that "it shall be unlawful for any person... to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is

about to serve on an industry committee."

28. Plaintiff spoke to his supervisor, Mr. Walter (lnu) ("Mr. Walter") on or about September 3, 2019, regarding not receiving overtime pay for the previous two weeks.

29. Thereafter, and in response to Plaintiff inquiring about not receiving overtime pay, Mr. Walter denied owing Plaintiff overtime pay, and subsequently terminated Plaintiff on our about September 10, 2019.

30. As a direct and proximate result of Defendant's Retaliation against Plaintiff, Plaintiff has suffered damages.

WHEREFORE Plaintiff, Luis Carmenates, demands the entry of a judgment in his favor and against Defendant, Allan Industries, Inc., after trial by jury and as follows:

    a. That Plaintiff recover compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b. That Plaintiff recover pre-judgment interest if he is not awarded liquidated damages;

    c. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

    d. That Plaintiff recover all interest allowed by law; and

    e. Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Dated this 18th day of September, 2019.

        Respectfully submitted,

        By: */s/ Gadiel A. Espinoza, Esq.*
        Gadiel A. Espinoza, Esq.
        Florida Bar No. 121831

        **PEREGONZA LAW GROUP, PLLC**
        1414 NW 107th Ave, Suite 302
        Doral, FL 33172
        Tel.   (786) 650-0202
        Fax.   (786) 650-0200
        Email: gadiel@PereGonza.com
        Email: office@peregonza.com
        Attorneys for Plaintiff